IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA,

VS.  CRIMINAL ACTION NO.1:09CR136-P

WENDELL G. BLOUNT,  DEFENDANT.

## JURY INSTRUCTION C-1.03

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of those judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA,

VS.                                                           CRIMINAL ACTION NO.1:09CR136-P

WENDELL G. BLOUNT,                                    DEFENDANT.

## JURY INSTRUCTION G-5

The defendant, WENDELL BLOUNT, has been charged in Count Two with a violation of 18 U.S.C. § 1112, which makes it a crime to unlawfully kill a human being while committing an unlawful act not amounting to a felony.

For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

*First*:          That the defendant caused the death of Ester Hageman;

*Second*:     That Ester Hageman was killed while the defendant was committing an unlawful act not amounting to a felony, that is, driving under the influence of morphine as charged in the indictment;

*Third*:         That the defendant acted with gross negligence and had either actual knowledge or reason to know that his conduct was a threat to the lives of others; and

*Fourth*:      That the death occurred within the territorial or special maritime jurisdiction of the United States.

In order to prove this offense, the government need not prove that the defendant specifically intended to cause the death of the victim. But it must prove more than that the defendant was merely negligent or that he failed to use reasonable care. The government must prove gross negligence



amounting to wanton and reckless disregard for human life.

You are instructed that the alleged involuntary manslaughter occurred within the territorial or special maritime jurisdiction of the United States if you find beyond a reasonable doubt that such offense occurred in the location described in the indictment.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA,

VS.  CRIMINAL ACTION NO.1:09CR136-P

WENDELL G. BLOUNT, DEFENDANT.

## JURY INSTRUCTION G-3

The defendant, WENDELL BLOUNT, has been charged in Count One with the offense of causing death to another while driving negligently and while under the influence of some substance, namely morphine.

For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

*First*: That the incident in this case occurred in Chickasaw County, in the Northern Judicial District of Mississippi;

*Second*: That the defendant, WENDELL BLOUNT, was driving or operating a motor vehicle and in a negligent manner caused the death of Ester Hageman; and

*Third*: That at the time of the incident, WENDELL BLOUNT was driving or operating the motor vehicle while under the influence of a substance which impaired his ability to operate a motor vehicle.

9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

**VS.**  **CRIMINAL ACTION NO.1:09CR136-P**

**WENDELL G. BLOUNT,**  **DEFENDANT.**

## JURY INSTRUCTION C-1.04

You, as jurors, are the judges of the facts. But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing else.



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

**VS.**                                       **CRIMINAL ACTION NO.1:09CR136-P**

**WENDELL G. BLOUNT,**                                       **DEFENDANT.**

### JURY INSTRUCTION C-1.05

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce evidence at all. The government has the burden of proving the defendant's guilt beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt to be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**UNITED STATES OF AMERICA,**

**VS.**                                                       **CRIMINAL ACTION NO.1:09CR136-P**

**WENDELL G. BLOUNT,**                                         **DEFENDANT.**

### JURY INSTRUCTION C-1.06

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyer is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been stricken in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you



should disregard anything I may have said during the trial in arriving at your own findings as to the facts.



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA,

VS.                                     CRIMINAL ACTION NO.1:09CR136-P

WENDELL G. BLOUNT,                                              DEFENDANT.

## JURY INSTRUCTION C-1.07

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

UNITED STATES OF AMERICA,

VS.                                                CRIMINAL ACTION NO.1:09CR136-P

WENDELL G. BLOUNT,                                         DEFENDANT.

## JURY INSTRUCTION C-1.08

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of witnesses, including the defendant, who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

The testimony of the defendant should be weighed and his credibility evaluated in the same



way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA,

VS.                                                            CRIMINAL ACTION NO.1:09CR136-P

WENDELL G. BLOUNT,                                         DEFENDANT.

## JURY INSTRUCTION C-1.10

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA,

VS.  CRIMINAL ACTION NO.1:09CR136-P

WENDELL G. BLOUNT,  DEFENDANT.

## INSTRUCTION C-4

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA,

VS.                                                        CRIMINAL ACTION NO.1:09CR136-P

WENDELL G. BLOUNT,                                  DEFENDANT.

## JURY INSTRUCTION G-1

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA,

VS.                                     CRIMINAL ACTION NO.1:09CR136-P

WENDELL G. BLOUNT,                                          DEFENDANT.

## JURY INSTRUCTION G-2

During the trial you heard the testimony of various expert witnesses, who expressed opinions concerning toxicology and accident reconstruction. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

**VS.**                                                 **CRIMINAL ACTION NO.1:09CR136-P**

**WENDELL G. BLOUNT,**                                       **DEFENDANT.**

### JURY INSTRUCTION G-4

The term "negligence" as used in these instructions is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like or similar circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like or similar circumstances or in failing to do something that a reasonably careful person would do under like or similar circumstances.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA,

VS.  CRIMINAL ACTION NO.1:09CR136-P

WENDELL G. BLOUNT,  DEFENDANT.

### JURY INSTRUCTION C-1.24

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges – judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the



foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

