**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**UNITED STATES OF AMERICA**

**v.**  **CRIMINAL NO. 1:09CR136**

**WENDELL G. BLOUNT**  **DEFENDANT**

**MOTION TO DISMISS COUNT ONE**

COMES NOW the Defendant, Wendell G. Blount, by and through counsel, and renews this motion to dismiss Count One for being multiplicitous. In order to remedy the multiplicitous charge, the Defendant moves to dismiss Count One as improperly assimilated by federal law and therefore invalid.

**A.**  **Multiplicity**

Issues of multiplicity are reviewed *de novo.* United States v. Dupre, 117 F.3d 810, 818 (5th Cir. 1997). When an indictment appears to charge a defendant with the same offense twice, the Fifth Circuit applies the Blockburger test to determine whether the multiplicitous indictment has violated the double jeopardy clause. United States v. Agofsky, 458 F.3d 369, 371 (5th Cir. 2006). "The test for determining whether the same act or transaction constitutes two offenses or only one is whether conviction under each statutory provision requires proof of an additional fact which the other does not." United States v. Free, 574 F.2d 1221, 1224 n. 3 (5th Cir. 1978), *cert. denied,* 439 U.S. 873, 99 S.Ct. 209, 58 L.Ed.2d 187 (quoting Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932)).

Count One of the Indictment against Wendell Blount alleges that, in the territorial jurisdiction of the United States Government, that the defendant:

> "did operate a motor vehicle upon [the Natchez State Parkway] while under the influence of a substance which had impaired his ability to operate a motor vehicle, to wit: morphine, and in the process did, in a negligent, careless, reckless, and grossly negligent manner, cause the death of Esther Hageman, in violation of Miss. Code Ann. Sections 63-11-30(1) and (5) and Title 18, United States Code, Sections 7(3) and 13."

The required elements of Miss. Code Ann. §63-11-30(1) include showing that a defendant drove under the influence of a substance that impaired his ability to drive. Heideberg v. State, 976 So.2d 948, 950 (5th Cir. 2007). Miss. Code Ann. §63-11-30(5) requires driving while intoxicated and negligent killing or mutilation. Ramage v. State, 914 So.2d 274, 276 (5th Cir. 2005).

Count Two of the indictment alleges that the Defendant:

> "did knowingly kill Ester Hageman in the commission of an unlawful act not amount to a felony, that is driving under the influence of a substance which had impaired his ability to operate a motor vehicle, to wit: morphine, in violation of Title 18, Unites States Code, Sections 7(3) and 1112."

Under 18 U.S.C. §1112, the necessary elements of proof require a finding that "the defendant 1) [acted] with gross negligence, meaning a wanton or reckless disregard for human life, and 2) have knowledge of such circumstances as could reasonably have enabled the defendant to foresee the peril to which his or her act might subject another." United States v. Fesler, 781 So.2d 384, 393 (5th Cir. 1986).

The jury instructions for Count One of the indictment, Miss. Code Ann. §63-11-30(1) and (5), required:

1) That the incident in this case occurred in Chickasaw County, in the Northern District of Mississippi.
2) That the defendant, Wendell Blount, was driving or operating a motor vehicle and negligently caused an accident which resulted in death to Ester Hageman; and

2

3) That at the time of the incident, Wendell Blount was driving or operating the motor vehicle while under the influence of a substance which impaired his ability to operate a motor vehicle.

The jury instructions for Count Two of the indictment, 18 U.S.C. §1112, required:

1) That the defendant caused the death of Esther Hageman;
2) That Esther Hageman was killed while the defendant was committing an unlawful act not amounting to a felony, that is, driving under the influence of morphine as charged in the indictment;
3) That the defendant acted with gross negligence and had either actual knowledge or reason to know that his conduct was a threat to the lives of others; and
4) That the death occurred within the territorial or special maritime jurisdiction of the United States.

Applying the ruling <u>Blockburger</u> test, the charges are not able to pass the "proof of an additional fact" test. Both charges against the Defendant arise out of a single act and both hinge on the same essential facts – driving, impairment, negligence, accident, and death. Simply stated, and as reflected by the jury instructions, and the proof in the case, the charges are multiplicitous. Count One requires a showing that Wendell Blount did operate his vehicle in a negligent manner under the influence while in the given jurisdiction resulting in Esther Hageman's death. Count Two does not require a showing of any additional facts that prevent the charges from being multiplicitous. A jury would not have been able to find the Defendant guilty of one charge but acquit him of the other. Additionally, there was no proof adduced at trial that applied to one count, but not the other. The government offered its proof of impairment, because of Defendant's levels of morphine, and then offered its proof of negligence, that the Defendant struck Ms. Hageman from the rear, and then asked the jury to find the Defendant guilty twice on the same evidence. There was no proof that applied, out of legal necessity, to one count that did not apply to the other count.

Where "the jury is allowed to return convictions on multiplicitous counts, the remedy is to remand for resentencing, with the government dismissing the count that created the multiplicity, because the chief danger raised by a multiplicitous indictment is the possibility that the defendant will receive more than one sentence for a single offense." Buchanan at 278 – 279, (quoting United States v. Galvan, 949 F.2d 777, 781 (5th Cir. 1991)). The multiplicity in this case arose from an improperly assimilated state law. The federal law preempts the state law and therefore, the state charge should be dismissed, since both are based on the same evidence, and the government obviously does not need to assimilate the Mississippi aggravated DUI statute into federal law, since the federal statute is more than adequate to address this case.

**B.    Improper Assimilation and Preemption**

The Fifth Circuit uses the Assimilated Crimes Act, 18 U.S.C. §13 to "fill the gaps in federal criminal law." United States v. Brown 608 F.2d 551, 553 (5th Cir. 1979), *quoting* United States v. Prejean, 494 F.2d 495, 496 (5th Cir. 1974), (*citing* United States v. Sharpnack, 355 U.S. 286, 78 S.Ct. 291, 2 L.Ed.2d 282 (1958)). "Prosecution under the ACA does not enforce state law but rather federal law assimilating state law." United States v. Collazo, 117 F.3d 793, 795 (5th Cir. 1997), *quoting* United States v. Brown, at 553. The federal government is able to utilize state statutes to prosecute a crime on a federal enclave where no federal law exists to proscribe the conduct. United States v. Lewis, 92 F.3d 1371 (5th Cir. 1996), *quoting,* United States v. Brown, at 553.

To determine whether conduct has already been covered by federal law, the Fifth Circuit has applied the "precise acts" test from two earlier Fifth Circuit cases, established by Williams v. United States, 327 US 711, 90 L.Ed. 962, 66 S.Ct. 778 (1946). *See,*

4

Brown, at 554 *and* United States v. Fesler, 781 F.2d 384, 391 (5th Cir. 1986). The precise acts test evaluates whether the state statute seeks to punish a particular offense that the federal statute does not cover. Fesler at 391. If the precise act is not covered by the federal statute, then it is permissive to use the Assimilated Crimes Act to "fill in the gaps" of the federal law and supplement it with applicable state law. However, this precise acts test is not merely a formality to permit wholesale adoption of state law by federal authorities. "The essential nature or theory of an act made criminal by a state statute must differ substantially from the federal statute in order to elevate the conduct to a precise act." Lewis, at 1377.

In the Eleventh Circuit, a similar question came before the court, though it was different from the current case in one crucial aspect. In United States v. Sasnett, 925 F.2d 392 (11th Cir. 1991), the defendant was charged in federal court with DUI manslaughter under the Florida statute, as assimilated by the ACA. Applying the precise acts test, the Eleventh Circuit decided that the particular Florida statute prohibited a precise and was not preempted by the federal involuntary manslaughter law. Sasnett is significantly different from the instant case in that the Government chose the statute that carried the harsher penalty to punish the conduct of the defendant in Sasnett; they did not attempt to charge the defendant with both a federal and state statute alleging the same conduct. The Fifth Circuit subsequently distinguished Sasnett in United States v. Lewis, 92 F.3d 1371 (5th Cir. 1996), noting the limitations of the precise acts test. There, they found that the federal and state murder statutes essentially punished the same conduct, "though they define and punish the conduct differently." Id. at 1375. The court in Lewis pointed out that they could not permit "the government to create the illusion of a 'gap' in the law

5

where none exists in order to enhance its ability to convict or to exact a harsher penalty." Id., at 1376. The court went on to reason, "for ACA purposes, a precise act cannot qualify as a 'specific conduct of a different character' when the conduct is covered by a federal statute and when the acts described in the federal and state statutes differ only in name, definition, or punishment." Id. at 1377.

However, similar to Sasnett, the defendant in Lewis was not charged with *both* the federal and state statute that punished his conduct. Id at 1372. The instant case concerns the Government charging the Defendant with violating both a federal and state statute, elementally indistinguishable (and indistinguishable in view of the proof adduced at trial) for a single act. Since the federal statute clearly preempts the state statute as occupying the field, Count One should be dismissed as multiplicitous and as being federally preempted by the involuntary manslaughter charge in Count Two.

WHEREFORE, PREMISES CONSIDERED, the Defendant reviews his motions made during and at the conclusion of the trial in this case, and respectfully submits that Count One of the indictment should be dismissed, as improperly assimilated, and as multiplicitious.

DATED this the 27th day of May, 2010.

                RESPECTFULLY SUBMITTED,

                WENDELL G. BLOUNT, Defendant

BY:   /s/David G. Hill                    .
        DAVID G. HILL, MS Bar No. 2444
        Hill & Minyard, P.A.
        Post Office Box 429
        Oxford, Mississippi 38655
        (662) 234-4315

CERTIFICATE OF SERVICE

I, DAVID G. HILL, attorney for the Defendant, WENDELL G. BLOUNT, in the above and foregoing action, do hereby certify that I have electronically filed the above and foregoing with the Clerk of the United States District Court using the ECF system which sent notification of such filing to the following:

robert.mims@usdoj.gov
Mr. Robert J. Mims, AUSA
For the United States of America

DATED this the 27th day of May, 2010.

/s/David G. Hill
DAVID G. HILL, MS Bar No. 2444